# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL DENHAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD J.G.<br><br>VERSUS<br><br>LINDA RICHARD, INDIVIDUALLY AND IN HER CAPACITY AS A CENTRAL COMMUNITY SCHOOL SYSTEM EMPLOYEE, ET AL. | CIVIL ACTION<br><br>18-742-SDD-RLB |

## ORDER

Before the Court is Linda *Richard's Motion for Declaration of Insufficient Service of Process*[1] filed on October 17, 2018. The motion is opposed.[2]

## I.  BACKGROUND

On or about August 24, 2015, Plaintiff initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as Defendants Linda Richard, Individually and in Her Capacity as a Central Community School System Employee, Central Community School System, and the fictional entity XYZ Insurance Co.[3] The initial Petition only raised state law claims.

On August 26, 2015, the Deputy Sheriff attempted to serve Ms. Richard at her place of employment, but the citation was returned unexecuted after a "diligent search and inquiry," noting that Ms. Richard had been terminated from her employment on August 22, 2014.[4]

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 7.
[3] Rec. Doc. 1-2.
[4] Rec. Doc. 5-3.

On October 31, 2016, Plaintiff obtained another citation from the State Court seeking to serve Ms. Richard through her present counsel, Joseph R. Pousson, Jr.[5] Ms. Richard represents that Mr. Pousson never made an appearance on her behalf while the action was pending in the State Court.[6] There is also no evidence that Plaintiff sought and obtained a default judgment with respect to Ms. Richard.

On July 10, 2018, Plaintiff filed a *Motion for Leave of Court to File First Supplemental and Amending Petition for Damages*, which sought to assert a new claim under Title VII of the Civil Rights Act of 1964.[7] The State Court granted the motion on July 19, 2018.[8]

On July 23, 2018, Plaintiff obtained another citation from the State Court for the purpose of serving Ms. Richard through Mr. Pousson.[9]

On August 3, 2018, Central Community School System removed the action on the basis this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[10]

On October 17, 2018, Ms. Richard filed the instant Motion.[11] Ms. Richard seeks an order stating that she was not properly served prior to removal and that Plaintiff's claims brought against her should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff has not otherwise served her within the time required by Rule 4(m).

---

[5] Rec. Doc. 5-4 at 1.
[6] Rec. Doc. 5-1 at 1-2.
[7] Rec. Doc. 1-3.
[8] Rec. Doc. 1-7.
[9] Rec. Doc. 5-4 at 2.
[10] Rec. Doc. 1.
[11] Rec. Doc. 5

1

On January 16, 2019, Plaintiff sought and obtained a summons issued by the Clerk's Office for the purpose of serving Ms. Richard at an address in Denham Springs, Louisiana.[12]

## II.  LAW AND ANALYSIS

The Court is authorized to dismiss a civil action for insufficiency of service of process.[13]  "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[14]  The burden of demonstrating the validity of service when an objection is made lies with the party making service.[15]  When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner.[16]

Plaintiff asserts that the instant motion is "rendered moot" because she requested service within 90 days of the filing of the pleadings as required by Louisiana Civil Code of Procedure article 1201(C).[17]  This argument misses the point.  Ms. Richard is not seeking dismissal of the claims for untimely request for service of the citation while the action was

---

[12] Rec. Docs. 17, 18.
[13] Fed. R. Civ. P. 12(b)(5).
[14] *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007).
[15] *Id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).
[16] *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990).
[17] R. Doc. 7 at 2-3. *See* La. C.C.P. art. 1201(C) ("Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.").

2

pending in the State Court.[18]  Rather, she is seeking dismissal for failure to serve within the time period required by Rule 4(m) of the Federal Rules of Civil Procedure.[19]

Turning to the actual issue presented, the Court concludes that Plaintiff has not met her burden of establishing that Ms. Richard has been properly served with process in this action. The record indicates that Plaintiff has not been personally served and that any attempted personal service on Plaintiff at her former place of business prior to removal was not accomplished. Furthermore, Plaintiff has offered no arguments, much less any evidence, that any attempted service on Mr. Pousson prior to removal was made and that any such service was proper pursuant to Louisiana Civil Code of Procedure article 1235,[20] which provides the Louisiana procedural rules for service on a representative. Plaintiff also acknowledges that she has not served Ms. Richard.[21]

In her opposition to the instant motion, however, Plaintiff suggests that there is good cause for the failure to serve Ms. Richard because "Plaintiff attempted to ascertain counsel for [Linda Richard] and was provided credible information regarding the assignment of counsel and attempted service within the time delays allowed by law . . ."[22]

---

[18] *See* La. C.C.P. art. 1672(C) ("A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.").
[19] Rec. Doc. 5 at 3.
[20] *See* La. C.C.P. art. 1235 ("A. Service is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative. B. Service on an attorney, as a representative of a client, is proper when the attorney's secretary is served in the attorney's office. C. For the purposes of this Article 'secretary' shall be defined as the person assigned to a particular attorney and who is charged with the performance of that part of the attorney's business concerned with the keeping of records, the sending and receiving of correspondence, and the preparation and monitoring of the attorney's appointments calendar.").
[21] Rec. Doc. 7 at 3-4.
[22] Rec. Doc. 7 at 3.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[23]

"What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive."[24] At a minimum, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."[25] Under Rule 4(m), however, district court retains discretion to extend the time for service even in the absence of good cause.[26]

Plaintiff made certain efforts to serve Ms. Richard while the action was pending in the State Court. Furthermore, Plaintiff has recently been issued a summons by the Clerk's Office for serving Ms. Richard. The record indicates, however, that despite the filing of the instant Motion on October 17, 2018, Plaintiff waited until January 16, 2019 to request the summons. This lack of diligence is problematic. Nevertheless, under the circumstances of this case, it is appropriate for the Court, in an exercise of its discretion, to extend the deadline for service under Rule 4(m).

---

[23] Fed. R. Civ. P. 4(m).
[24] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[25] *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).
[26] *See Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996).

4

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Linda Richard's *Motion for Declaration of Insufficient Service of Process*[27] is **DENIED** without prejudice to refile, if appropriate, should service not be made within the timeframe set below.

**IT IS FURTHER ORDERED** that Plaintiff's deadline for service is extended to **February 15, 2019** and will not be further extended without a particularized showing of good cause. Should proof of service not be filed within this time period, Plaintiff is advised that her claim against Ms. Richard is subject to dismissal without prejudice.

Baton Rouge, Louisiana the  1st  day of February, 2019.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. 5.