UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL DENHAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD J.G. | CIVIL ACTION |
| VERSUS | NO. 18-742-SDD-RLB |
| LINDA RICHARD, INDIVIDUALLY AND IN HER CAPACITY AS A CENTRAL COMMUNITY SCHOOL SYSTEM EMPLOYEE, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 6, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL DENHAM, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD J.G.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-742-SDD-RLB** |
| **LINDA RICHARD, INDIVIDUALLY AND IN HER CAPACITY AS A CENTRAL COMMUNITY SCHOOL SYSTEM EMPLOYEE, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two motions. First, on September 13, 2019, Plaintiff Linda Richard filed her Motion to Dismiss for Failure to Prosecute and for Failure to Timely Serve Based on Court Order. (R. Doc. 36). That Motion is opposed. (R. Doc. 38). Second, on December 20, 2019, Plaintiff filed her Partial Motion for Voluntary Dismissal of Claims Specifically Related to Any Benefits, Protections, and Damages Pursuant to the Civil Rights Act of 1964, and 42 U.S.C. 2000-2(A) and Motion to Remand to District Court. (R. Doc. 40). No opposition has been filed. Because the Motion for Voluntary Dismissal raises issues with regard to whether this litigation should remain in federal court, it will be addressed first.

**I.      Background**

Plaintiff initiated this action with the filing of her Petition for Damages on August 24, 2015. (R. Doc. 1-2). Therein, Plaintiff alleges that her minor son was a student at Central Middle School, and that, on or about August 20, 2014, Defendant Linda Richard reprimanded him for a disturbance and then grabbed him around his shirt collar and forcefully pushed him into a wall,

causing injuries. In her original Petition, Plaintiff brings various claims of negligence against the Defendant teacher as well as the Defendant Central Community School System.

On July 10, 2018, Plaintiff moved in state court to amend her Petition, adding federal claims based on additional facts verified through additional discovery arising out of the same incident. (R. Doc. 1-3). The Defendant Central Community School System then filed its Notice of Removal (R. Doc. 1) on August 3, 2018, alleging jurisdiction on the basis of federal question pursuant to 28 U.S.C. § 1331.

**II.    Law and Analysis**

Plaintiff asserts in her Partial Motion for Voluntary Dismissal that she seeks to voluntarily dismiss all of her federal claims because she "does not have a factual basis sufficient to establish a cause of action" with regard to those claims. (R. Doc. 40-1 at 1). She alleges that an April 5, 2019 deposition of the Superintendent of the Central Community School System established that her federal claims did not have sufficient factual basis for a federal cause of action, but does not provide any additional supporting information. She also requests that the matter be remanded after dismissal of her federal claims. (R. Doc. 40-1 at 2).

No opposition having been filed, the Court finds no reason to deny Plaintiff the relief sought. A plaintiff is the master of her complaint, and if she concludes after discovery that she has no basis for a claim alleged, it serves the interest of judicial efficiency to allow those claims to be dismissed. Further, while Plaintiff does not specify whether she seeks dismissal of these claims with or without prejudice, the Court finds a dismissal with prejudice to be appropriate. This action was pending in state court for almost three years before it was removed, and the deposition that formed the underlying basis for the dismissal occurred more than 3.5 years after the initiation of this litigation. Additionally, Plaintiff notes that she has concluded she does not

have a factual basis sufficient to establish a cause of action with respect to her federal law claims. There is, therefore, no justification for allowing her the possibility of raising these claims at another point in time or sanctioning the possibility of a second removal.

Having found the dismissal of federal claims to be proper, we now turn to whether the Court shall retain jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction." The Fifth Circuit has provided guidance, stating, "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180F.3d 234, 246 (5th Cir. 1999) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). Nevertheless, in determining whether a district court should decline to exercise supplemental jurisdiction over state law claims, factors to be considered include whether (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which it has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See, e.g., Smith v. Averette*, 2016 WL 6127517, at *3 (W.D. La. Oct. 20, 2016).

Considering the factors set forth above, the Court finds it appropriate to decline the exercise of supplemental jurisdiction over the remaining state law claims and remand the action to state court. This litigation was an action bringing only state law claims in state court for almost three years before Plaintiff sought to amend her allegations to add federal claims, at which point the action was removed to federal court. Progress since removal has been largely insubstantial, focusing primarily on service of a named defendant. Defendant Richard's Answer

3

(R. Doc. 35) was not filed until September 13, 2019, the same day she also filed a Motion to Dismiss (R. Doc. 36). Then, while Motion to Dismiss was still pending, Plaintiff filed the partial Motion for Voluntary Dismissal (R. Doc. 40). Thus, remanding this matter does not thwart the goals of judicial efficiency as very little federal judicial resources have been expended, and the state court is equally equipped to handle claims arising under state law.

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Partial Motion for Voluntary Dismissal of Claims Specifically Related to Any Benefits, Protections, and Damages Pursuant to the Civil Rights Act of 1964, and 42 U.S.C. 2000-2(A) and Motion to Remand to District Court (R. Doc. 40) be **GRANTED**, and that Plaintiff's claims arising under federal law be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this case be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for all further proceedings.

Signed in Baton Rouge, Louisiana, on February 6, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**